# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50503
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2020

Lyle W. Cayce
Clerk

BENNY DANESHJOU,

      Plaintiff - Appellant

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-688

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      Benny Daneshjou appeals the district court's dismissal of his claims for quiet title and anticipatory breach of contract and his request for declaratory relief. Daneshjou challenges, among other things, the district court's ruling on the authenticity of a loan note that the district court relied on to dismiss his claims. We AFFIRM.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50503

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Benny Daneshjou ("Daneshjou") and his wife, Sally Daneshjou, refinanced their home in April 2003 through a loan from Washington Mutual. Only Sally Daneshjou signed the note. On September 25, 2008, Washington Mutual was placed into receivership, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as the receiver. That same day, the defendant, JPMorgan Chase Bank, N.A., ("Chase") purchased substantially all of Washington Mutual's assets and liabilities. Since then, Chase has claimed to service the mortgage for the loan from Washington Mutual, and the Daneshjous allegedly made payments on that loan until summer 2017.

In January 2017, Daneshjou deferred his property taxes. Chase paid them, then sought payment from Daneshjou. Chase threatened to accelerate Daneshjou's loan in December 2017, but Daneshjou claims Chase failed to credit his payments to his loan. In July 2018, Chase accelerated the loan and gave Daneshjou notice of foreclosure.

Before a foreclosure sale could occur, Daneshjou filed for a temporary restraining order, which the state court granted. Chase then removed the case from the state court in Travis County, Texas, to the United States District Court for the Western District of Texas, then filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Daneshjou amended his complaint, asserting claims for quiet title and anticipatory breach of contract and seeking declaratory relief. Chase filed another Rule 12(b)(6) motion to dismiss and attached the deed of trust and the note related to the property. Before ruling on the motion to dismiss, the district court allowed Chase an opportunity to authenticate the note. Chase did so by submitting a declaration.

The district court relied in part on the note when dismissing Daneshjou's claims. The basis for Daneshjou's quiet-title claim was that the deed of trust secured payment of a note "signed by Borrower" and defined that term as both

2

No. 19-50503

Sally and Benny Daneshjou, but only Sally actually signed the note Chase produced. According to Daneshjou, a valid note therefore does not exist, and the deed of trust is unenforceable. Similarly, Daneshjou alleged under his anticipatory-breach-of-contract claim that the deed of trust authorizes the power of sale for default of a nonexistent note, not the note signed only by Sally. The district court found that the note signed only by Sally was the note secured by the deed of trust and rejected both of Daneshjou's theories. Because the district court dismissed both substantive claims, it also dismissed Daneshjou's request for declaratory relief. Daneshjou timely appealed.

## DISCUSSION

We review a dismissal for failure to state a claim upon which relief can be granted *de novo*, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). We review a district court's admission of evidence for an abuse of discretion. *Nester v. Textron, Inc.*, 888 F.3d 151, 160 (5th Cir. 2018).

We start with Chase's argument that the case is moot. Chase argues whether it abandoned its acceleration of Daneshjou's loan amount is moot because "[t]here are no allegations that Chase is currently attempting to foreclose." The operative complaint, though, alleges Chase sent Daneshjou a notice of foreclosure threatening to sell Daneshjou's property on August 7, 2018. The state court enjoined Chase from foreclosing on Daneshjou's property. We see no mootness.

Daneshjou argues that the district court erred in dismissing his request for declaratory relief and in considering the note because Chase failed to make a proper authentication. Daneshjou's argument for declaratory relief depends on the success of his evidentiary challenge, so we first consider the evidentiary

3

No. 19-50503

challenge.  Daneshjou contends that Chase's purported authentication of the note failed because the declaration Chase submitted from its employee Alicia Hernandez failed to lay an adequate foundation to support that the attached note was a correct copy as it exists today.  Specifically, Daneshjou argues that the note is a legally operative instrument, not a business record as the declaration suggests; that the declaration does not indicate that Hernandez or Chase ever saw or made a copy of the original note; and that the note bears no FDIC endorsement.

A court may consider "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).  The district court found that both the deed of trust and the note were referred to in the amended complaint and were central to Daneshjou's claims.  Because Daneshjou objected to the note, however, the district court first sought to determine the authenticity of the note before considering it.

To authenticate "an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901(a).  "This Court does not require conclusive proof of authenticity before allowing the admission of disputed evidence." *Nester*, 888 F.3d at 160.  "Rather, Rule 901(a) merely requires some evidence which is sufficient to support a finding that the evidence in question is what its proponent claims it to be." *Id.* (footnote omitted).  One acceptable means of authentication is with a declaration, but it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4).

Hernandez's declaration states that the note attached to the motion to dismiss was "a true and correct copy of the note as it exists today" in Chase's

4

No. 19-50503

business records.  Her personal knowledge of that fact was said to be based on her review of the loan records.  This declaration authenticates the note. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013). The note is indeed a legally operative instrument, but it also is a business record because Chase is in the business of servicing loans.  Further, the district court found that Daneshjou's amended complaint alleged facts identical to features in the note produced by Chase, *e.g.*, "it documents a loan from Washington Mutual to Sally Daneshjou dated April 25, 2003, to refinance a property located at 2300 Portofino Ridge in Austin, Texas."  The district court also found that Chase's produced note matched the deed of trust:  "both documents refer to a Washington Mutual loan identified by a unique number ending in 4569; in the amount of $2,439,000.00; dated April 25, 2003; for a property located at 2300 Portofino Ridge in Austin, Texas[; and both] instruments indicate that the debt will be paid by May 1, 2033."  Additionally, the lack of an endorsement on the note by the FDIC to Chase is irrelevant to the authenticity of the note and to Chase's power to foreclose.  *Id.* at 255.  The district court did not abuse its discretion in considering the note.

Because the district court properly considered the note produced by Chase, it could rely on the note when dismissing Daneshjou's claims for quiet title and anticipatory breach of contract.  Because Daneshjou failed to state any other claim for relief, his remaining claim under the Federal Declaratory Judgment Act does not support an independent private right of action.  *Harris Cnty. Texas v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015).  Declaratory relief also was properly dismissed.

AFFIRMED.